## ROBERT M. MEREDITH, ET AL., *v.* G. W. BARROWS, ET. AL.

[Abstract Kentucky Law Reporter, Vol. 1—68, as *Meredith v. Barron.* Later reported in 2 Ky. L. 208.]

**Frankfort Lottery Grant.**

The statute empowers the city council of Frankfort to devise a lottery scheme and sell it when devised. The scheme devised was to draw on the ternary plan, and holders of any of these classes have no right to draw a single number lottery; and the sureties of the operator of such lottery cannot be liable for prizes sold by him or any one else, if such prizes be sold in a single number lottery.

APPEAL FROM CAMPBELL CHANCERY COURT.

June 3, 1880.

OPINION BY JUDGE COFER:

As the sureties of Stewart, the appellants cannot in any event be liable for prizes sold by him or any one else, whether claiming to operate under the Frankfort grant or not, if such prizes be sold in a single number lottery. The statute empowers the city council to devise a scheme and to sell the scheme so devised. The scheme was devised, and as devised was to be drawn on the ternary plan, and holders of any of these classes have no more right to draw a single

number lottery than if no lottery franchise had been granted. Consequently the alleged drawings by Barrows of single number lotteries are illegal, and cannot impose upon the appellants any liability whatever, and as they do not claim any interest in the matter except to protect themselves against being held liable on the bond of Stewart for prizes sold by Barrows, their petition was properly dismissed. If Barrows were operating a lottery in conformity to the scheme devised by the council, and claiming to have a right to do so as the owner of a few of the classes of that scheme, then the appellants might have a right to enjoin them, if, as matter of law, only one lottery can be operated under the grant.

.Simmons and Dickinson discontinued their cross-petition and are not complaining of the judgment. It would be improper to express any opinion of the question whether the sale of a designated number of classes to each of several persons vests in each a right to have a distinct and separate drawing, or whether the right to operate a lottery is not an entirety under which the owners of classes have collectively the right to operate for their joint benefit according to the proportion which the classes owned by each bears to the whole number of classes in the scheme.

Judgment *affirmed.*

*D. W. Lindsay, J. G. Carlisle, for appellants.*

*P. B. Muir, F. M. Webster, for appellees.*

[Cited in *Lawrence v. Simmons,* 10 Ky. L. 347, 9 S. W. 163, 1 L. R. A. 172.]